```
JERRY Y. FONG, ESQ. (SBN 99673)
THE LAW OFFICE OF JERRY FONG
885 N. SAN ANTONIO ROAD, SUITE D
LOS ALTOS, CA  94022
650/322-6123
650/322-6779 fax
jf@jerryfong.com
```

Attorney for Defendant SYLVESTER MOORE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | CASE NO.   CR 11-00905    SBA |
| )                                   Plaintiff,           ) | AMENDED STIPULATED REQUEST TO CONTINUE THE STATUS |
| vs.                                     ) | CONFERENCE CURRENTLY SCHEDULED ON APRIL 21, 2016 |
| SYLVESTER MOORE,                  ) | AND [PROPOSED] ORDER. |
| )                                   Defendant.           ) | |

Plaintiff United States of America and Defendant Sylvester Moore, through their respective counsel, hereby stipulate and jointly request that the Court continue the Status Conference as to Defendant Sylvester Moore, currently scheduled on April 21, 2016, at 9:30 a.m., to June 16, 2016, at 9:30 a.m.   The parties have been engaged in an on-going process of plea negotiations and continued researched into sentencing implications to attempt to resolve this case.   In order to complete the process, the parties are jointly requesting that the Probation Office conduct a pre-plea investigation of Mr. Moore's criminal history, especially in light of recent Ninth Circuit rulings affecting whether he qualifies as a career offender under Sentencing Guidelines §4B1.1.

Specifically, Mr. Moore's criminal history includes prior convictions for robberies under California law (Penal Code §211).   In light of US v. Dixon, 805 F.3d 1193 (9th Cir. 2015), there exists the question of whether or not Mr. Moore's prior California robbery

1  convictions qualify as crimes of violence that would place him in Career Offender status,
2  under USSG §4B1.1.   The determination of Career Offender status will have a very
3  significant impact on Mr. Moore's suggested range of imprisonment under the Guidelines.
4  The parties need additional time to complete this evaluation process and are requesting the
5  continuance.

6  Accordingly, the parties jointly request that the Court make a finding, pursuant to 18
7  USC §3161 (h)(7)(B)(iv),  to exclude the time from April 21, 2016, to (and including) June
8  16, 2016, in computing the time for the application of the Speedy Trial Act, in order to
9  maintain the continuity of counsel for the defense and to provide defense counsel with
10 reasonable time to adequately prepare Mr. Moore's defense by addressing the significant
11 question or whether he counts as a career offender, and that the Court finds that the ends of
12 justice served by the time exclusion outweigh the interest of the public to a speedy trial.   It
13 is so stipulated.

14 Therefore, he parties jointly request that the Court continue the Status Conference
15 from April 21, 2016, to June 16, 2016, at 9:30 a.m.   It is so stipulated.

17
18 DATED:      April 18, 2016                              /S/
                                              JERRY Y. FONG, Attorney for
19                                            Defendant SYLVESTER MOORE

20
21 DATED:      April 18, 2016                              /S/
                                              CHRISTINA M. McCALL, AUSA
22                                            for Plaintiff UNITED STATES OF
                                              AMERICA

### [PROPOSED] ORDER

Pursuant to the parties' stipulation and good cause appearing herein, it is hereby ordered that the Status Conference as to Defendant Sylvester Moore shall be continued from April 21, 2016, to June 16, 2016, at 9:30 a.m.

1  Furthermore, the Court orders that, pursuant to 18 USC §3161 (h)(7)(B)(iv), the time
2 period between April 21, 2016 and June 16, 2016 shall be excluded for purpose of computing
3 time for the application of the Speed Trial Act, and the Court finds that the continuance and
4 excluded time are necessary to maintain the continuity of counsel and to provide reasonable
5 time for defense counsel to adequately prepare the defense, and that the ends of justice served
6 by the time exclusion outweigh the interest of the public to a speedy trial.  It is so ordered.

DATED: 4/19/16

/s/ Kandis Westmore
HON. KANDIS WESTMORE,
MAGISTRATE JUDGE